**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory Kent TUCKER, Defendant–Appellant.**

No. 03–50710.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 28, 2005.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Joseph L. Hood, Jr, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM: *

Gregory Kent Tucker appeals his sentence for travel with intent to engage in a sexual act with a juvenile, contending pursuant to *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that he was sentenced in violation of the Sixth Amendment. In his plea agreement, however, Tucker waived his right to appeal his sentence on any ground, save ineffective assistance of counsel and prosecutorial misconduct.

The district court contravened FED. R.CRIM.P. 11(b)(1)(N) when it failed to advise Tucker that by pleading guilty he was waiving his right to appeal his sentence. Nevertheless, standing alone, such an error does not preclude a finding that the waiver was knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir.2005). The record of Tucker's rearraignment indicates that Tucker read and understood his plea agreement and that he raised no question regarding the waiver-of-appeal provision. He is therefore "held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal," and we are without jurisdiction to entertain his Sixth Amendment challenge. *See id.* (internal quotation marks and citation omitted); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir.1995).

APPEAL DISMISSED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.